IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE (A.A.M), AN INDIVIDUAL;<br>*Plaintiff* | § <br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-24-CV-01479-XR |
| -vs- | | |
| RUSHABH JIVAN LLC,<br>*Defendant* | | |

## ORDER

On this date, the Court considered Plaintiff's Motion for Order of Substituted Service on Defendant Rushabh Jivan LLC d/b/a Safari Inn Motel and an Extension of Time to Effectuate Service (ECF No. 7).[1] After careful consideration, the motion is **GRANTED**.

On December 30, 2024, Plaintiff Jane Doe (A.A.M.) filed her Original Complaint against Rushabh Jivan, LLC, asserting a claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581, et seq. ECF No. 1. Plaintiff has attempted to serve Safari Inn Motel but has not been successful.

On January 17, 2025, Plaintiff's process server attempted to serve Safari Inn Motel's registered agent Rushabkumar Bhakta at 514 Enrique M Barrera Pkwy, San Antonio, TX 78237, to no avail. ECF Nos. 7 at 1; 7-2 (Affidavit of Non-Service). Plaintiff asserts that the front desk employee at the Safari Inn Motel stated that Mr. Bhakta "does not work at this location and never comes in." *Id.* Plaintiff's process server has been unable to locate another address to attempt service on Mr. Bhakta. *Id.* at 2. Plaintiff further confirmed with the Texas Secretary of State that Mr. Bhakta was Safari Inn's registered agent, and that it had the correct address—514 Enrique M

---

[1] Plaintiff filed this motion alongside its response to the Court's Show Cause Order for failure to indicate that Defendant was properly served within the 90-day time period under Federal Rule of Civil Procedure 4(c). ECF No. 6.

1

Barrera Pkway, San Antonio, TX 78237—to properly serve Mr. Bhakta. *Id.* at 2; ECF No. 7-3 (Texas Franchise Tax Public Information Report). Plaintiff contends that personal service "would not be possible or would be very burdensome as the registered agent is never there according to an employee at the hotel." *Id.* at 3.

Plaintiff now moves for substituted service. Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effected: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice, including social media, email, or other technology. *Id.* (b)(1)–(2). Nonetheless, Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993). That affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1)

[personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting affidavit "strictly complies" with Texas Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Here, Plaintiff points to the return of non-service by its process server. The return of non-service provides the usual place of business where Safari Inn Motel's registered agent, Mr. Bhakta, may be found, and states specifically facts showing that personal service was attempted at this location but was unsuccessful. This satisfies the requirements of Rule 106 to authorize substitute service. The supporting affidavit likewise satisfies the requirements of Rule 106 to authorize substitute service.

Accordingly, Plaintiff's Motion (ECF No. 7) is **GRANTED**. Plaintiff shall serve Defendant **WITHIN 30 DAYS** of this Order.

Plaintiff may serve Defendant Rushabh Jivan LLC d/b/a Safari Inn Motel by (1) leaving a true copy of the Summons with a copy of the Complaint with any person appearing to be at least 18 years who is present at the usual place of business of Safari Inn Motel, located at 514 Enrique M Barrera Pkwy, San Antonio, TX 78237, with additional service by first class regular mail, or (2) affixing a true copy of the Summons with a copy of the Complaint to be served on Safari Inn Motel to the front entrance of that address, with additional service by first class regular mail.

Plaintiff shall promptly file proof of service upon completion.

It is so **ORDERED**.

**SIGNED** this 21th day of May, 2025.

                                                                                     XAVIER RODRIGUEZ
                                                                                     UNITED STATES DISTRICT JUDGE