**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JANE DOE (A.A.M), AN INDIVIDUAL; | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-24-CA-01479-XR |
| | § | |
| RUSHABH JIVAN LLC, | § | |
| *Defendant* | § | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff Jane Doe (A.A.M.)'s Motion for Default Judgment. ECF No. 13. After careful consideration, the motion (ECF No. 13) is **DENIED**.

**BACKGROUND**

**I. Plaintiff's Sex-Trafficking Claim**

Plaintiff alleges that she was sex trafficked for several years at Defendant's property. ECF No. 1 at 1. She now seeks to impose civil liability on Defendant under the Trafficking Victims Protection Reauthorization act ("TVPRA") for what she characterizes as Defendant's knowing benefit from her trafficking. *Id.* at 24.

Plaintiff was first forced into commercial sexual activity in 2008. *Id.* at 3. Her traffickers used force, threats, physical and psychological abuse, and intimidation to compel her to engage in commercial sex acts. *Id.* at 3–4. She was not permitted to keep any proceeds. *Id.*

From January 2010 "through December 2014," this activity took place at Defendant's Safari Inn hotel "an incalculable number of times." *Id.* at 4. During this period, she alleges that there were numerous "red flags" that were obvious signs of sex trafficking. *Id.* at 15–16. As such, she claims that Defendant either knew or should have known that she was being sex-trafficked on

1

its premises. *Id.* She further alleges that Defendant facilitated and benefitted from this activity because Defendant rented rooms to the traffickers. *Id.* at 18–20.

## II. Procedural History

Plaintiff filed suit on December 30, 2024, asserting a single cause of action under the TVPRA. ECF No. 1. The Clerk issued Summons as to Defendant on January 16, 2025. ECF No. 4. Plaintiff had not served Defendant before the 90-day service deadline expired, so the Court ordered Plaintiff to show cause why it should not dismiss the case for failure to serve. ECF No 6. On May 9, 2025, Plaintiff responded stating that she attempted to serve Defendant but had been unsuccessful. ECF No. 7. The Court accordingly authorized substitute service. ECF No 8. Plaintiff served Defendant in accordance with the Court's order on June 9, 2025. ECF No. 9.

Defendant has never appeared in this case. Plaintiff moved for default on July 8, 2025, and the Clerk granted default the same day. ECF Nos. 10, 11. The Court ordered Plaintiff to move for default judgment, and Plaintiff did so on September 15, 2025. ECF Nos. 12, 13. The Court held a hearing on this motion on December 18, 2025. ECF No 15. Plaintiff has provided supplemental briefing (ECF No. 16), and the motion is now ripe for review.

## LEGAL STANDARD

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

## DISCUSSION

The Court notes that jurisdiction is proper under federal question jurisdiction because Plaintiff asserts a cause of action pursuant to 18 U.S.C. § 1595(a). However, Plaintiff fails to state a claim sufficient to establish Defendant's liability under the relevant pleading standards.

### I. Plaintiff Failed to Establish Liability

#### A. Legal Standard

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept the plaintiff's well-pleaded facts as true, a defendant's default does not warrant the entry of default judgment before the Court finds a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); *see also* 10A Wright & Miller *et al.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Thus, prior to a default judgment for damages, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). In determining whether the pleadings present a sufficient basis for Plaintiff's claim for relief, "the Fifth Circuit has looked to the Rule 8 case law for guidance[.]" *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

**B. Plaintiff Fails to Plead Facts to Infer Defendant's Knowledge**

Plaintiff asserts only that Defendant violated 18 U.S.C. § 1595(a). ECF No. 1. This provision imposes civil liability on parties who knowingly benefit from another's having been sex-trafficked. *See* 18 U.S.C. § 1595(a). The provision states in full:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). To state a claim under the provision, a Plaintiff "must allege facts from which it can be reasonably inferred that" the Defendant

(1) "knowingly benefit[ted] financially or by receiving anything of value,"

(2) from participation in a venture that

(3) the Defendant "knew or should have known has engaged" in sex trafficking under § 1591.

*E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 426 (N.D. Tex. 2021).

Plaintiff fails to plead sufficient facts to support the third element. The Complaint includes several conclusory statements on this point:

(1) Defendant "is aware or should be aware of . . . warning signs and indicators of sex trafficking," ECF No. 1 at 6;

(2) "Defendant . . . [was] aware of activity indicating commercial sex, sex trafficking and/or related crimes occurring at the Safari Inn where [Plaintiff] was trafficked," *id.* at 10;

(3) "Defendant Safari Inn was aware of significant law enforcement activity related to trafficking at its hotel," *id.*;

(4) "Defendant Safari Inn monitored criminal activity occurring at its branded hotels and were [sic] aware of activity indicating commercial sex trafficking or related crimes occurring at those branded hotels, including the specific property where [Plaintiff] was trafficked," *id.*;

(5) "Defendant Safari Inn knew of the sex trafficking crisis prevalent in the hotel industry," *id.*;

(6) "Defendant Safari Inn knew or should have known that . . . [t]here was widespread and ongoing sex trafficking occurring at the Safair Inn [and] [s]ex trafficking was a problem for Safari Inn, *id.* at 11;

(7) "Defendant Safari Inn knew or should have known about the sex trafficking pervasive at the subject Safair Inn based on obvious indicators of this activity," *id.*; and

(8) "Defendant Safari Inn observed obvious 'red flags' of numerous instances of sex trafficking occurring at the Subject Safari Inn based on their supervision and monitoring of the property," *id.* at 15.

These allegations are undoubtedly serious, and the Court does not discount the harm sex trafficking causes. But a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

 In terms of specific factual allegations to support an inference of Defendant's knowledge, the Complaint contains only a few:

(1) Plaintiff paid for her room with cash;

(2) hotel management charged Plaintiff an extra fee to rent rooms "due to the activities occurring in her rooms";

(3) Plaintiff kept the "Do Not Disturb" hanger on her door;

(4) Plaintiff's trafficker "was often present with [Plaintiff] at check in and would linger around the hotel or in the parking lot";

(5) Plaintiff asked for rooms away from the front of the property;

(6) there was "heavy foot traffic in and out of [Plaintiff's] room involving men who were not hotel guests";

(7) men visited Plaintiff's rooms "at unusual hours and were present at the hotel for brief periods"; and

(8) online reviews for the hotel complained of police activity, unsanitary conditions, and a guest who had not drawn his blinds[1].

ECF No. 1 at 11–12, 15–16. Given these specific factual allegations and taking them as true, the question is whether they support a reasonable inference that Defendant should have known that Plaintiff was being sex trafficked.

Even taking the allegations as true, Plaintiff does not allege specific facts to suggest that Defendant was aware of them. She states in her complaint that "[b]ased on information and believe, multiple employees at the subject Safari Inn[,] named herein, including management-level employees, observed or were made aware of these obvious signs of trafficking." *Id.* at 16. But she does not name these employees, nor indicate how and when they observed these signs. *Cf. E.S.*,

---

[1] "A 2017 Google review states: 'When we pulled up to the Inn, there was only one broken down car in the parking lot. The windows were busted and covered with plastic bags. We can see that one of the room was occupied. It was a man sitting naked on his bed with the blinds wide open. That was already a first red flag…'" ECF No. 1 at 12.

510 F. Supp. 3d at 428 (refusing to find employee-imputed knowledge despite the plaintiff's allegation that "while she was staying at the Fort Worth Best Western, she was removed from the [defendant's] premises after the hotel staff saw her www.backpage.com advertisement").

Further assuming that Defendant was aware of these signs, they still would not establish that Defendant had the requisite knowledge. Under the statute, it is not enough that Defendant knows that commercial sex is taking place. Defendant's knowledge must be of commercial sex *trafficking*. This requires knowledge that "means of force, threats of force, fraud, coercion, or any combination of such means [were being] used to cause [Plaintiff] to engage in a commercial sex act." 18 U.S.C. § 1591(a).

Construed favorably, the facts that Plaintiff allege only support an inference of commercial sexual activity. Only one allegation hints at coercion: someone "was often present with [Plaintiff] at check in" and that person "would linger around the hotel or in the parking lot." ECF No. 1 at 15. Putting aside this allegation's lack of specificity, this lone allegation would not establish Defendant's knowledge that Plaintiff was being coerced into commercial sex. *See S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020) ("Because plaintiff has not alleged that the franchisor defendants had the requisite knowledge of a specific sex trafficking venture, they cannot be held directly liable under the TVPRA.").

Because Plaintiff has not pled sufficient facts to establish Defendant's knowledge that she was being sex trafficked, Plaintiff fails to state a claim entitling her to relief.

## II. Plaintiff's Claim May Be Time-Barred as Pled

18 U.S.C. § 1595(a) has a ten-year statute of limitations. 18 U.S.C. § 1595(c). Plaintiff claims she was sex trafficked at Defendant's premise "through December 2014." ECF No. 1. She filed this suit on December 30, 2024. *See id.* Thus, Plaintiff's claim is only timely if she can plead sufficient facts to establish Defendant's liability on December 30 or 31, 2014.

7

Defendant has not specifically claimed that she was sex trafficked on December 30 or 31, 2014. Nor has she made any specific allegations regarding Defendant's conduct on those two days. But considering that Plaintiff has already failed to plead facts to support Defendant's knowledge, the Court need not decide whether she has pled facts to avoid the state of limitations.

**CONCLUSION**

Plaintiffs' Motion for Default Judgment (ECF No. 13) is **DENIED**. A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 11th day of February, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE